**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Eva's Bridal Ltd., an Illinois corporation, | ) | |
| Plaintiff, | ) | <u>**Case No. 07-cv-1668**</u> |
| | ) | |
| v. | ) | Judge John W. Darrah |
| | ) | |
| Halanick Enterprises, Inc., an Illinois | ) | Magistrate Judge Schenkier |
| Corporation, | ) | |
| Defendant. | ) | |

---

**MOTION
FOR RULE 11 SANCTIONS AGAINST DEFENDANT'S COUNSEL AND DEFENDANT**

---

Now comes the plaintiff, Eva's Bridal Ltd., by and through its attorney, Maurice J. Salem, and based on the accompanying plaintiff's counsel April 5, 2007 Affidavit in Opposition, plaintiff's owner, Said Ghusein's April 30, 2007 Affidavit in Support of plaintiff's cross motion to disqualify defendant's counsel, Nancy Ghusein's May 31, 2007 affidavit and the accompanying Memorandum of Law, plaintiff moves this Court for sanctions in the form of attorney's fees, pursuant to *Fed. R. Civ. P, Rule 11.*

Based on the safe harbor rule, this motion was served by hand on May 18, 2007, to give defendant and its counsel 21 days prior to filing to voluntarily withdraw their opposition to plaintiff's cross motion to disqualify defendant 's counsel and to pay reasonable attorney's fee for litigating defendant's motion to disqualify plaintiff's counsel.

Sanctions are sough on the basis: 1) defendant's counsel motion to disqualify plaintiff's counsel without doing a reasonable investigation into the facts, in violation of *Fed. R. Civ. P. Rule 11 (b)*, and 2) plaintiff's counsel motion to disqualify defendant's counsel.

**Motion to Disqualify Plaintiff's Counsel**

1.  The facts that plaintiff's counsel testified to, in his accompanying April 5, 2007
    Affidavit in Opposition, show that defendant's counsel failed to make any
    investigation, reasonable or otherwise, to disqualify plaintiff's counsel.

2.  Defendant's counsel made several allegations in his motion to disqualify against
    plaintiff's counsel without any basis. For example, all that defendant's counsel
    had to do is simply ask the clerk of the court whether plaintiff's counsel was a
    member of the trial bar; however, he simply made this and other allegations
    without any investigation and wasted this Court's time as well as the plaintiff's
    time and money.

3.  The motion was denied after this Court simply asked plaintiff's counsel whether
    he was a member of this Court's trial bar.

4.  This Court should grant plaintiff costs and reasonable attorney's fees based the
    accompanying affidavits, Memorandum of Law and based on Rule 11 (b), which
    states:

    > Representation to Court. By presenting to the court (whether by signing,
    > filing, submitting, or later advocating) a pleading, written motion, or other
    > paper, an attorney or unrepresented party is certifying that to the best of
    > the person's knowledge, information, and belief, formed after an inquiry
    > reasonable under the circumstances, - … (3) the allegations and other
    > factual contentions have evidentiary support or, if specifically so identified,
    > are likely to have evidentiary support after a reasonable opportunity for
    > further investigation or discovery; …

**Motion to Disqualify Defendant's Counsel**

5.  Defendant's counsel has been providing legal representation to the plaintiff, Eva's
    Bridal Ltd., and its owners from 1976 to present. He not only represented them in

many various prior actions, he also represented their business, the plaintiff Eva's Bridal Ltd. in various actions including actions substantially related to the instant case; see the accompanying Ghusein's April 30, 2007 Affidavit in Support of plaintiff's cross motion to disqualify defendant's counsel.

6. Defendant's counsel is currently representing the plaintiff in a pending lawsuit in the Circuit Court of Cook County, Illinois, *Bridal Guide Inc. v. Eva's Bridal*, Case No. 02 L 003807.

7. After plaintiff's counsel cross moved to disqualify defendant's counsel, on May 4, 2007, defendant's counsel filed a motion to withdraw from representing the plaintiff in the state court in *Bridal Guide Inc. v. Eva's Bridal*; the motion was heard on May 9, 2007 and denied. Defendant's counsel filed, on May 16, 2007, another motion to withdraw from representing the plaintiff in *Bridal Guide Inc. v. Eva's Bridal.* Plaintiff's agent Nancy Ghusein submitted and affidavit Dated May 31, 2007, describing what occurred in at the hearing and in support of plaintiff's motion to disqualify defendant's counsel in this case. Defendant's counsel motion to withdraw from the state court case, *Bridal Guide Inc. v. Eva's Bridal*, was continued to July 9, 2007.

8. If defendant's counsel truly believes there is no conflict of interest with him representing the defendant in this case, then why is he moving to withdraw from representing the plaintiff in the pending state court action (a rhetorical question).

9. Defendant's counsel knows, or should have known, that representing the defendant in this case creates a conflict of interest and that it is strictly prohibited. Common sense dictates that an attorney should not be representing a party in one lawsuit while at the same time be the attorney on the opposite side in another lawsuit. Yet

3

defendant's counsel chose to ignore this and filed extensive opposition papers that costs plaintiff needless attorney's fees.

10. Moreover, defendant's counsel representation of plaintiff and its owners since 1976 in various cases should clearly indicate a conflict of interest.

**WHEREFORE**, on the basis of the foregoing, and the accompanying <u>Memorandum of Law</u> and plaintiff's counsel <u>April 5, 2007 Affidavit in Opposition</u>, and <u>Said Ghusein's April 30, 2007 Affidavit</u>, and <u>Nancy Ghusein's May 31, 2007 affidavit</u>, plaintiff respectfully requests an order, pursuant to FRCP Rule 11(b), granting plaintiff costs and reasonable attorney's fees and any other and further relief this court deems just and proper.

Dated:	Palos Heights, Illinois
	May 18, 2007

Respectfully submitted,

/S/ Maurice J. Salem
Maurice J. Salem,
Attorney for Plaintiff,
7156 W. 127th Street, B-149
Palos Heights, IL. 60463
Tel. (708) 277-4775
Fax (708) 448-4515

## CERTIFICATION OF SERVICE

I, Maurice J. Salem, am the attorney for plaintiff and I hereby certify that I served a true copy of the above on defendant's attorney by hand, on May 18, 2007, at:

James R. Fennerty & Associates L.L.C.
36 South Wabash Avenue, Suite 1310
Chicago, IL. 60603

S/ Maurice J. Salem

4