UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EVA'S BRIDAL LTD. and SAID GHUSEIN, | ) |
| Plaintiffs, | ) |
| v. | ) No. 07 C 1668 |
| HALANICK ENTERPRISES, INC. and NAYEF GHUSEIN, | ) Judge John W. Darrah |
| Defendants. | ) |
| NAYEF GHUSEIN and HALA SARMITI, | ) |
| Counter-Plaintiffs, | ) |
| v. | ) |
| EVA'S BRIDAL LTD. and SAID GHUSEIN, | ) |
| Counter-Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Eva's Bridal LTD. and Said Ghusein, brought suit against Defendants, Halanick Enterprises, Inc. ("Halanick") and Nayef Ghusein, alleging trademark infringement, unfair competition and trademark dilution under the Lanham Act based on the use of the name "Eva's Bridal." Plaintiffs also alleged state-law claims of injury to business reputation and breach of contract. Defendant Nayef Ghusein and Hala Sarmiti filed a Counterclaim[1] against Plaintiffs, seeking a declaratory judgment that Plaintiffs

---

[1] Hala Sarmiti is the sister of Nayef and Said Ghusein. She and Nayef Ghusein are both partners of Halanick. Hala Sarmiti is the managing partner of Halanick. The Counterclaim states that it is brought by Nayef Ghusein and Hala Sarmiti "as individuals and as officers of Halanick Enterprises, Inc." Hala Sarmiti was not named as a defendant in this suit and therefore cannot properly file a counterclaim under the Federal Rules of Civil Procedure.

abandoned the name "Eva's Bridal" and asserting claims for breach of contract, fraud and for judgment on a promissory note. Defendants have moved for summary judgment on all counts of the Complaint and Counts I and VII of the Counterclaim (the claims for declaratory judgment and judgment on the promissory note). Plaintiffs have moved for summary judgment on all counts of the Counterclaim.

## BACKGROUND

The facts of this case are hotly disputed. The events relevant to this litigation are generally contested; there is virtually no agreement whatsoever as to the details. Of the 70 statements in Defendants' Local Rule 56.1 Statement of Facts, Plaintiffs dispute 52. That said, the following background appears to be uncontroverted.

At some point in the 1960s, Eva Sweis opened a bridal store in Oak Park, Illinois, called Eva's Bridal. Eva Sweis had several children. It appears to be undisputed that Eva's daughter, Nancy Sweis, played a large role in assisting Eva in running the shop. The extent to which Nancy's brothers were involved in the shop is a matter of dispute.

In 1977, Nancy married Said Ghusein and changed her name to Nancy Ghusein. In the late 1970s and the 1980s the Eva's Bridal business expanded. The original Eva's Bridal store moved to a new location, and other Eva' Bridal stores opened. Which family members were responsible for opening these stores and how many were opened is unclear from the facts presented.

In either 1980 or 1982, depending on which parties' version of the events is accepted, Nancy and Said Ghusein opened an Eva's Bridal store in Oak Lawn, Illinois. In 1988, Nancy and Said Ghusein opened another Eva's Bridal store in Orland Park, Illinois. In 1990, Nancy and Said Ghusein, pursuant to a written agreement, leased the

2

Orland Park store to Said Ghusein's brother and sister, Nayef Ghusein and Hala Sarmiti. In 1998, Nancy and Said Ghusein entered into a second agreement, this time with Halanick, which is owned by Nayef Ghusein and Hala Sarmiti. The 1998 Agreement transferred the assets and inventory of the Orland Park store to Halanick in exchange for $10.00. Under that Agreement, Halanick agreed to pay $2,000 per month for the use of the Eva's Bridal name.

Plaintiffs allege that Defendants stopped making the $2,000 monthly payments in February 2002 but have continued to use the Eva's Bridal name. In March 2007, Said Ghusein learned that the corporate agent of Eva's Bridal Ltd. had neglected to file an annual report with the Secretary of State, resulting in the Corporation being involuntarily dissolved. Before Said Ghusein could reinstate Eva's Bridal Ltd., the name was taken by Halanick.

Plaintiffs filed suit on March 26, 2007.

## LEGAL STANDARD

Summary judgment is appropriate when there remains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146, 150 (7th Cir. 1994). Although the moving party is responsible for demonstrating to the court why there is no genuine issue of material fact, the nonmoving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate, through specific evidence, that there remains a genuine issue of material fact and show that a rational jury could return a verdict in the nonmoving party's favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-27 (1986); *Anderson v. Liberty Lobby,*

3

*Inc.*, 477 U.S. 242, 254-56 (1986) (*Anderson*); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (*Matsushita*); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994).

Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992). When reviewing a motion for summary judgment, a court must view all inferences to be drawn from the facts in the light most favorable to the opposing party. *Anderson*, 477 U.S. at 247-48; *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). However, a metaphysical doubt will not suffice. *Matsushita*, 475 U.S. at 586. If the evidence is merely colorable or is not significantly probative or is no more than a scintilla, summary judgment may be granted. *Anderson*, 477 U.S. at 249-50.

## ANALYSIS

### Defendants' Motion for Summary Judgment

Defendants have moved for summary judgment on all claims in the Complaint and on Counts I and VII of the Counterclaim.

#### *Lanham Act Claims – Counts I-III*

Plaintiffs allege the following violations of the Lanham Act: trademark infringement (Count I), unfair competition (Count II), and trademark dilution (Count III). To recover for trademark infringement under § 1114(a), the plaintiff must be the "registrant" of the mark. *Specht v. Google, Inc.*, 660 F.Supp.2d 858, 867 (N.D. Ill. 2009); *See also Guaranty Bank v. Chubb Corp.*, 538 F.3d 587, 593 (7th Cir. 2008) (*Guaranty Bank*) (15 U.S.C. § 1114(a) does not protect unregistered marks). This presents a problem for Plaintiffs since they have not shown that they have registered

4

"Eva's Bridal." Plaintiffs state in the Complaint that "'Eva's Bridal' and 'Nancy Ghusein' and 'Eva's Bridal Ltd.' are trademarks *by use* in Cook County Illinois." (emphasis added.) Furthermore, Plaintiffs offer nothing to rebut Defendants' assertion that the "Eva's Bridal" mark is not registered.[2] Thus, because Plaintiffs are not the registrants of the "Eva's Bridal" mark, they cannot prevail on their trademark infringement claim, Count I.

However, as to Counts II and III, 15 U.S.C. § 1125 protects unregistered as well as registered marks. *See Guaranty Bank*, 538 F.3d at 593. "To state a claim of unfair competition under the Lanham Act, Plaintiffs must allege that (1) their mark is protectable, and (2) Defendants' use of the mark is likely to cause confusion among consumers." *Flentye v. Kathrein*, 485 F.Supp.2d 903, 917 (N.D. Ill. 2007). To prove trademark dilution, Plaintiffs must show (1) they possess a famous mark and (2) Defendants' use caused the dilution of the distinctive quality of the trademark. *Caterpillar Inc. v. Walt Disney Co.*, 287 F. Supp. 2d 913 (C.D. Ill. 2003).

Defendants argue that Plaintiffs cannot show ownership of the Eva's Bridal mark. Because the mark is unregistered, Plaintiffs have the burden of showing ownership of the mark. *Ty Inc. v. Softbelly's Inc.*, 353 F.3d 528, 530 (7th Cir. 2003). "The party who first appropriates the mark through use, and for whom the mark serves as a designation of source, acquires superior rights to it." *Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, 188 F.3d 427, 434 (7th Cir. 1999). Defendants argue that Nancy Ghusein's

---

[2] Plaintiffs argue that Said and Nancy Ghusein "registered their mark in 1983." However, the document Plaintiffs cite in support of this assertion concerns registration of the corporation Eva's Bridal Ltd. with the Illinois Secretary of State, not registration of any trademark.

mother, Eva Sweis, was the first to use the mark and, thus, Plaintiffs have no ownership rights.

Construing all disputed facts in Plaintiffs' favor, it cannot be said with the requisite certainty that Plaintiffs do not have ownership of the mark due to first use. Plaintiffs argue that Nancy and her mother Eva, jointly, were the first to use the mark. In Plaintiffs' view, Nancy and Said Ghusein's business is a continuation of the original Eva's Bridal business that was started in the 1960s. Thus, a genuine issue of material fact exists, and Defendants cannot prevail on this basis.

Defendants next argue that the Eva's Bridal mark is not protected by the Lanham Act because it is descriptive rather than inherently distinctive and has not acquired secondary meaning. Marks may be divided generally into five categories of increasing distinctiveness: (1) generic, (2) descriptive, (3) suggestive, (4) arbitrary, or (5) fanciful. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992); *see also* Restatement (Third) of Unfair Competition § 13, cmt. c (providing a detailed explanation of these categories). Marks in the latter three categories are considered inherently distinctive and are thus protected. *Id.* However, those marks that are merely descriptive are only protected if they have acquired a secondary meaning. *Id.* at 769. "Secondary meaning is acquired when in the minds of the public, the primary significance of a product feature is to identify the source of the product rather than the product itself." *Thomas & Betts Corp. v. Panduit Corp.*, 138 F.3d 277, 291 (7th Cir. 1998).

Many Courts have held that marks derived from surnames or first names necessarily fall into the second of the five categories – that they are descriptive – and are thus not inherently distinctive. *See 815 Tonawanda Street Corp. v. Fay's Drug Co., Inc.,*

6

842 F.2d 643, 648 (2nd Cir. 1988) ("personal names-both surnames and first names-are generally regarded as descriptive terms"); *Perini Corp. v. Perini Const., Inc.*, 915 F.2d 121, 125 (4th Cir. 1990) (same); *Gaffrig Performance Indus., Inc. v. Livorsi Marine, Inc.*, 2001 WL 709483 (N.D. Ill. June 25, 2001) (same). However, the Seventh Circuit has indicated that this rule is not to be universally applied, especially when dealing with marks based on first names. *See Peaceable Planet, Inc. v. Ty, Inc.*, 362 F.3d 986, 989-90 (7th Cir. 2004) (*Peaceable Planet*). Rather, the Seventh Circuit has explained, a court should examine the rationale of the general rule classifying surname-based or first-name-based as descriptive and determine whether it applies to the instant case. *See id.* at 990.

According to the Seventh Circuit, classifying surname-based or first-name-based marks as descriptive may not be appropriate when (1) limiting use of the mark does not prevent the defendant from going into business under his own name; (2) the name upon which the mark is based is not common; and (3) preventing the defendant from using the mark would not deprive the public of valuable information. *Id.* Furthermore, the court suggests that where alternative names are readily available, marks based on surnames or first names might be more appropriately categorized as suggestive marks and thus considered inherently distinctive. *Id.* at 991.

The disputed factual issues present in this case prevent a full application of these considerations to the case. It may be that Plaintiffs will not need to show that Eva's Bridal has acquired secondary meaning to prevail on their Lanham Act claims. Thus, Defendants are not entitled to summary judgment on this basis.

Defendants next argue that even if Plaintiffs could have claimed ownership of the Eva's Bridal mark, they abandoned it before the relevant time period. Defendants cite

7

the 1998 agreement by which Nancy and Said Ghusein sold the Orland Park store to Halanick and licensed the Eva's Bridal mark for $2,000 per month. Defendants argue that this was "naked licensing" and that Plaintiffs failed to maintain control over the quality of the Orland Park store's products. This issue turns again on factual issues that are contested. Plaintiffs assert that they did maintain some level of quality control over the Orland Park store. Thus, Defendants are not entitled to summary judgment on this basis.

Defendants make two further arguments solely with respect to Count III of the Complaint, trademark dilution. Defendants argue (1) that Plaintiffs cannot show a likeliness of confusion and (2) that "Eva's Bridal" is not a famous mark. Defendants' first argument is misplaced. A showing of confusion is not necessary to prevail on a claim for trademark dilution. *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 812 (7th Cir. 2002) ("Dilution differs from trademark infringement; it does not require a showing of consumer confusion as to source.") Defendants' second argument also falls short as it lacks any development. Defendants, without elaboration, state that the "Eva's Bridal" mark is not famous. This single-sentence argument is not sufficient to support summary judgment.[3]

Finally, Defendants argue that Plaintiffs' claims are barred by laches and acquiescence. To benefit from laches, Defendants must prove "an unreasonable lack of

---

[3] Defendants also argue that summary judgment should be granted because Plaintiffs can show neither confusion nor damages. It is unclear to which claims Defendants intend this argument to apply. The caption of the argument specifies "Counts I-IV." The next sentence states, "Damages are an element of counts III (sic)." It is unnecessary to attempt to decipher Defendants' arguments on this point because materially factual issues exist with respect to both damages and confusion.

8

diligence" on the part of Plaintiffs and "prejudice arising therefrom." *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 820 (7th Cir. 1999). Acquiescence applies where "the trademark owner, by affirmative word or deed, conveys its implied consent to another." *TMT North America, Inc. v. Magic Touch GmbH*, 124 F.3d 876, 885 (7th Cir. 1997). Defendants argue that they informed Plaintiffs in 2002 that they were no longer going to make the $2,000 monthly payments and that they would continue to use the Eva's Bridal name. Plaintiffs, Defendants argue, did nothing for five years until they filed this suit in 2007. Plaintiffs challenge this version of the facts. Plaintiffs argue that the parties engaged in negotiations during this time and that at various points, Defendants made payments and promised to continue payments in the future. Given these factual disputes, Defendants cannot prevail on a theory of laches or acquiescence at this stage of the proceedings, and summary judgment will not be awarded.

### Common-Law Injury to Business Reputation – Count IV

Under Illinois law, to prevail on a claim for commercial disparagement, the plaintiff must allege and prove that the defendant made a false statement about the plaintiff. *BASF AG v. Great American Assur. Co.*, 522 F.3d 813, 820 (7th Cir. 2008). Defendants argue that nothing in the record indicates that Defendants made any false statements about Plaintiffs. Plaintiffs have failed to address this argument in their response. Thus, Plaintiffs have conceded the argument, and summary judgment will be granted in favor of Defendants on this count.

9

*Breach of Contract – Count V*

Defendants argue that because Plaintiffs are not the owners of the "Eva's Bridal" trademark, Defendants cannot be liable for breaching the agreement licensing that mark. This argument depends on Defendants' having shown that Plaintiffs are not owners of the mark. As discussed above, Defendants have not made a sufficient factual showing at this stage of the proceedings. Thus, they are not entitled to summary judgment on Plaintiffs' breach of contract claim.

*Declaratory Judgment – Counterclaim Count I*

In Count I of the Counterclaim, Defendants seek a declaration that Plaintiffs abandoned the "Eva's Bridal" mark and that Defendants have the right to use it. For the reasons stated above, issues of material fact exist, and Defendants are not entitled to this relief at this time.

*Payment on a Promissory Note – Counterclaim Count VII*

In Count VII of the Counterclaim, Hala Sarmiti claims she is entitled to payment from Said Ghusein on a promissory note in the amount of $135,000. Said Ghusein asserts that he did not sign the note in question. This factual question prevents summary judgment resolution of this claim.

### Plaintiffs' Motion for Summary Judgment

As noted above, Plaintiffs have moved for summary judgment on all counts of Defendants' Counterclaim. For the reasons set out below, Plaintiffs cannot prevail on this motion.

First, Plaintiffs have not complied with Local Rule 56.1, which requires that a party moving for summary judgment shall submit a statement of material facts, which

10

"shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph." L.R. 56.1(a)(3). Plaintiffs have not complied with this requirement. The majority of Plaintiffs' paragraphs are taken verbatim from their Amended Complaint. Furthermore, most of Plaintiffs' paragraphs are not supported by any reference to the record. Failure to comply with Local Rule 56.1 is grounds for denial of a summary judgment motion. *See, e.g., Family Life Church v. City of Elgin*, 2007 WL 2790762, at *2 (N.D. Ill. Sept. 24, 2007).

Furthermore, as Plaintiffs' statement of facts is primarily a restatement of their Amended Complaint, it is largely irrelevant to the counts on which they have moved for summary judgment – all counts in Defendants' Counterclaim. Thus, Plaintiffs have not set out a sufficient factual basis to support their motion.

Therefore, Plaintiffs' Motion for Summary Judgment is denied.

## CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment is granted with respect to Counts I and IV of the Plaintiffs' Complaint and denied with respect to all other counts. Plaintiffs' Motion for Summary Judgment is denied.

Dated: 5-19-10

JOHN W. DARRAH
United States District Court Judge