# United States District Court, Northern District of Illinois

MHN

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 1668 | **DATE** | 8/4/10 |
| **CASE TITLE** | Eva's Bridal Ltd. v. Halanick Enterprises, Inc. | | |

**DOCKET ENTRY TEXT**

Defendants' motion to reconsider [225] is granted in part. Summary judgment is granted on Counts II and III of Plaintiffs' Complaint. Pursuant to 28 U.S.C. § 1367, the Court declines to exercise supplemental jurisdiction over the parties' state-law claims. Pretrial conference set for 8/18/10 and jury trial set for 8/23/10 is vacated.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiffs, Eva's Bridal LTD. and Said Ghusein, brought suit against Defendants, Halanick Enterprises, Inc. and Nayef Ghusein, alleging claims under the Lanham Act and Illinois law. Defendants filed a Counterclaim, seeking a declaratory judgment that Plaintiffs had abandoned the name "Eva's Bridal" and asserting various other claims under state law.

On May 19, 2010, the Court ruled on the parties' cross motions for summary judgment. The Court granted Defendants' motion for summary judgment with respect to Counts I and IV of Plaintiffs' Complaint (Plaintiffs' claims for trademark infringement under the Lanham Act and injury to business reputation under Illinois law). The Court denied Defendants' motion with respect to all other Counts and denied Plaintiffs' motion for summary judgment in its entirety.

Both sides filed motions to reconsider. At a status hearing held on June 1, 2010, the Court denied Plaintiffs' motion and set a briefing schedule on Defendants' motion. Defendants ask the Court to reconsider three aspects of the May 19 Order: (1) whether Hala Sarmiti is properly joined, (2) whether Plaintiffs have a protectable interest in the "Eva's Bridal" mark, and (3) whether Plaintiffs waived all arguments in support of their breach of contract claim.

In the May 19 Order, the Court noted that "Counter-Plaintiff" Hala Sarmiti was not named as a defendant and therefore could not properly file a counterclaim under the Federal Rules of Civil Procedure. In their motion for reconsideration, Defendants point to a previous order of January 28, 2008, in which the Court held that Hala Sarmiti was properly joined as a third-party plaintiff. While Hala Sarmiti should have moved to intervene pursuant to Rule 20 rather than simply adding her name to Defendants' Counterclaim, the Court's previous order allowed her claim to stand. Having previously allowed the claim, the Court will not reverse course now. Therefore, the footnote regarding Hala Sarmiti's claim in the May 19 Order is vacated.

The Court turns next to Defendants' second argument, that Plaintiffs have no protectable interest in the "Eva's Bridal" mark. Defendants argue that Plaintiffs abandoned the "Eva's Bridal" mark and therefore have no protectable interest in the mark. Defendants assert that Plaintiffs engaged in naked licensing. Naked

licensing occurs where the trademark owner allows licensees to depart from quality standards, thereby rendering the mark useless in terms of providing the public with information about the product. *See TMT North America, Inc. v. Magic Touch GmbH*, 124 F.3d 876, 885 (7th Cir. 1997). Abandonment, whether by naked licensing or otherwise, results in "the loss of trademark rights against the world." *Id.*

The central issue is whether Plaintiffs exerted any supervision or control over the Defendants in their management of Eva's Bridal of Orland Park. In support of their contention that Plaintiffs did not exercise control, Defendants rely primarily on the deposition testimony of Nancy Ghusein. In that deposition, Nancy Ghusein testified that Nayef and Hala had "taken over the daily operations of Eva's in Orland in 1990 to 1998." (Nancy Ghusein Dep. at 56.) She stated that Nayef and Hala "were supposed to handle the business from beginning to end." *Id.* Asked whether she or her husband had supervised Neyef and Hala, Nancy Ghusein replied, "That was not part of the agreement. Part of the agreement was that they would run their store, that store. If they paid us the $5,000 leasing agreement, they would run it as they saw best." *Id.* at 57. Asked whether she or Said Ghusein had control over the Orland Park store, Nancy Ghusein replied, "We did not have any control over that store." *Id.*

Plaintiffs counter that they did exercise control over the Orland Park store and that they did not engage in naked licensing. Plaintiffs point to several documents that they claim support their position. These include a management report, a monthly sales report, and a letter indicating that Said Ghusein had paid the rent on the Orland Park store. It is unclear, however, how these documents demonstrate Plaintiffs' control or supervision of the Orland Park store. At most, they show that Defendants were keeping Plaintiffs apprised of their sales. The documents reveal nothing as to the level of control or supervision exercised by Plaintiffs, especially with respect to quality.

The only other evidence Plaintiffs offer to counter Defendants' naked licensing assertion are the affidavits of Nizar Sweiss, Nancy Ghusein, and Said Ghusein, which, Plaintiffs assert, describe the history of the Eva's Bridal business and the licensing of its name. Plaintiffs do not identify what material in the Nizar Sweiss affidavit is relevant to the naked licensing issue and the Court has been unable to locate any. That leaves only the affidavits of Nancy and Said Ghusein. Nancy Ghusein's affidavit states "The stores were always supervised by my husband. A monthly report was always submitted to him. He always made sure that the proper taxes were filed and the manufacturers were paid." (Nancy Ghusein Aff. at ¶ 22.) Similarly, Said Ghusein's affidavit states, "Exhibit E is a Sales tax return showing on the third page that I was paying the sale tax for Eva's Bridal Orland Park store, where the Defendants were working, as well as the management reports showing I was in control of the store and it was not a 'naked licensing.'" (Said Ghusein Aff. at ¶ 11.)

The evidence offered by Plaintiffs is not sufficient to raise a factual question as to the level of supervision and control exercised by Plaintiffs over the Orland Park Eva's Bridal store. As an initial matter, to the extent that Nancy Ghusein's affidavit contradicts her earlier deposition testimony, it cannot serve to create a factual dispute. *See McPherson v. City of Chicago*, 2008 WL 4874156, at *1 (N.D. Ill. June 10, 2008) (citing *Miller v. A.H. Robins Co.*, 766 F.2d 1102, 1104-05 (7th Cir. 1985)). Thus, to the extent that Nancy Ghusein's statement in her affidavit that the store was supervised by Said Ghusein contradicts her deposition testimony that Plaintiffs exercised no control, that statement must be disregarded. Furthermore, Said Ghusein's affidavit only weakly supports Plaintiffs' contention that they exercised control. The affidavit merely states what certain exhibits show. As noted, those documents do not show that Plaintiffs exercised any control, particularly with respect to quality. Notably absent from Said Ghusein's affidavit is any actual statement of what he did to supervise the running of the Orland Park store. That omission only reinforces Nancy Ghusein's deposition testimony that Plaintiffs essentially let Defendants run the Orland Park store as they saw fit. Indeed, Said Ghusein's affidavit explicitly supports that view. In its explanation of the 1998 agreement regarding the Orland Park store, the affidavit states, "In exchange, Nayef and Hala would pay $2,000 per month and be *completely responsible* for *everything* in that store." (Said Ghusein Aff. at ¶ 12)

| STATEMENT |
|---|
| (emphasis added).
    Therefore, upon reconsideration, the Court finds that there is no real factual dispute as to the lack of control exercised by Plaintiffs over Defendants' operations of the Orland Park store. Plaintiffs' actions constituted naked licensing, and they have thus abandoned the "Eva's Bridal" mark. Therefore, Defendants are entitled to summary judgment on Plaintiffs' remaining Lanham Act claims, Counts II and III.
    Summary judgment having been entered on Plaintiffs' Lanham Act claims, only claims under state law remain in the Complaint and the Counterclaim. Pursuant to 28 U.S.C. § 1367, the Court declines to exercise supplemental jurisdiction over the parties' state-law claims. The remainder of Defendants' motion to reconsider is therefore moot. The case is dismissed without prejudice to refile in state court. |